UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LEWIS ENVIRONMENTAL, INC., | Case No. 1:17-cv-674 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| EMERGENCY RESPONSE & TRAINING SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

**ORDER**

This civil action is before the Court on Defendant R+L Carriers, Inc. ("R+L")'s motion to quash the subpoena issued to Schneider Downs & Co., Inc. ("Schneider Downs") (Doc. 46) and Defendant Emergency Response & Training Solutions, Inc. ("ERTS")'s motion to compel R+L to produce documents regarding its "fraud audit" (Doc. 47), as well as the parties' responsive memoranda (Docs. 48, 56, 59).

**I.   BACKGROUND**

This action arises out of allegedly unpaid invoices for services performed by Plaintiff Lewis Environmental, Inc. ("Lewis") for Defendants R+L and ERTS. ERTS provided emergency and non-emergency spill and response and remediation services for R+L, including through subcontractors, from approximately 2008 until 2017. Lewis provides emergency and environmental management services. ERTS, in its capacity as a contractor for R+L, directly hired Lewis as a subcontractor to perform such services. Lewis claims it performed $76,372.75 of contract work and has not been paid. Lewis filed its complaint in October 2017. (Doc. 1).

In December 2017, R+L filed an answer to Lewis and cross-claims against ERTS for breach of contract, breach of confidentiality, and unjust enrichment. (Doc. 16). ERTS subsequently filed its answer to Lewis and cross-claims against R+L for breach of contract, unjust enrichment, and indemnity and sought recovery for all of R+L's allegedly unpaid invoices to ERTS, not just the invoices related to Lewis' work. (Doc. 22). ERTS filed an amended answer to R+L's cross-claim and amended cross-claim against R+L on June 11, 2018. (Doc. 33).

On October 23, 2018, the Court granted R+L's motion for leave to amend its answer and cross-claim. (Doc. 49). R+L's amended pleadings added allegations and affirmative defenses of fraud against Lewis and ERTS. (Doc. 50). In its amended pleadings, R+L attached a state-court complaint filed by R+L against ERTS in Clinton County, Ohio (the "Clinton County Fraud Complaint") in December 2017, in which the R+L alleged that ERTS had engaged in fraud. The Clinton County Fraud Complaint referenced a fraud audit conducted by Schneider Downs (the "Schneider Downs Audit") in 2017 that related to services provided by ERTS, but purportedly did not relate to Lewis's services or invoices. In its briefing on its motion to amend the pleadings, R+L referenced a fraud audit (the "2018 Audit") that had been conducted during this litigation that "uncovered evidence that ERTS defrauded R+L." (Doc. 44 at 6). R+L has informed the Court that the 2018 Audit was not performed by Schneider Downs and did not consider any part of the Schneider Downs Audit. (Doc. 56 at 1).

R+L now moves, pursuant to Fed. R. Civ. P. 45(d)(3), to quash ERTS's subpoena to Schneider Downs to the extent it requests attorney-client privilege and work-product protected documents.[1] ERTS moves, pursuant to Fed. R. Civ. P. 26 and 37, to compel R+L to produce information and documents related to the Schneider Downs Audit. The opposing motions require that the Court determine whether three groups of documents should be produced: (1) communications between R+L and Schneider Downs; (2) final and draft reports of the Schneider Downs Audit; (3) Schneider Downs' internal documents and correspondence, including interview notes, related to the Schneider Downs Audit (collectively, the "Schneider Downs Documents").

## II. STANDARD OF REVIEW

### A. Motion to Compel

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to produce documents as requested under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iv). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05–cv–273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation,* 186 F.R.D. 154, 159 (D.D.C.1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.

---

[1] R+L has already agreed to produce and identify the internal R+L documents that it provided to Schneider Downs.

3

26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper–Jarrett, Inc.,* 424 F.2d 499, 500–01 (6th Cir. 1970). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).

The party moving to compel discovery must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.2. ERTS has certified that is has made good faith attempts to obtain the necessary discovery without involving the Court. (Doc. 47).

**B. Motion to Quash**

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. It permits parties in legal proceedings to command a non-party to, among other things, produce documents. Fed. R. Civ. P. 45(a)(1). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "A party generally lacks standing to seek to quash a subpoena issued to a nonparty." *Hendricks v.*

4

*Total Quality Logistics, LLC,* 275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011). Limited exceptions exist if the party "claims some personal right or privilege with regard to the documents sought." *Mann v. Univ. of Cincinnati,* 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (per curiam).[2] "The party seeking to quash a subpoena bears the ultimate burden of proof." *Hendricks v. Total Quality Logistics, LLC,* 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citing *White Mule Co. v. ATC Leasing Co. LLC,* 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)).

### III. ANALYSIS

R+L contends that the Schneider Downs Documents should not be produced because they are protected by the attorney-client privilege and the work-product doctrine as they were prepared by consultants at R+L counsel's request to assist R+L attorneys in rendering legal advice. *See Williamson v. Recovery Ltd. P'ship,* 2:06-cv-292, 2016 WL 4920773, at *2 (S.D. Ohio Sept. 15, 2016) (finding that the attorney-client privilege extends to memoranda and working papers prepared by an accountant or consultant whose services are necessary in order for the attorney to provide legal advice to the client). Moreover, R+L argues that the Schneider Downs subpoena should be quashed

---

[2] ERTS does not dispute that R+L has standing to seek to quash the Schneider Downs subpoena on personal right/privilege grounds with regards to the documents sought.

because it seeks documents that are protected under Rule 26(b)(3)[3] and (4).[4] R+L filed an affidavit that disclosed that Schneider Downs was engaged by R+L to assist with its legal strategy related to litigation with ERTS. (Doc. 46-2 at ¶¶ 4–15).

ERTS does not dispute that the Schneider Downs Documents are protected by the attorney-client privilege and work-product doctrine, but instead argues that R+L has implicitly waived that privilege by affirmatively relying on the Schneider Downs Audit and placing the Schneider Downs Audit at issue. ERTS contends that R+L put the Schneider Downs Audit at issue by relying on the Audit in its pleadings. (Doc. 59 at 2–3).

"Litigants cannot hide behind the [attorney-client] privilege if they are relying on privileged communications to make their case or, more simply, cannot use the privilege as a shield and a sword." *In re United Shore Financial Services, LLC*, 2018 WL 2283893, at *2 (6th Cir. Jan. 3, 2018) (internal quotation marks omitted) (citing *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005). Similarly, the work-product doctrine can be implicitly waived if it is used as a sword and a shield. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 389, 306–07 (6th Cir. 2002). "[L]itigants cannot hide behind the [attorney-client] privilege if they are relying upon privileged

---

[3] Rule 26(b)(3) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).

[4] Rule 26(b)(4) provides: "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).

6

communications to make their case." *Orris v. U.S.*, 2005 WL 2861163, at *1 (S.D. Ohio Nov. 1, 2005); *see also*, *Financial Guaranty Insurance Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 90–91 (S.D.N.Y. 2016) (finding that a party had waived attorney-client and work-product privileges over a consultant's report where the party "used the report to sustain its causes of action"). Ultimately, the Court finds that R+L did not waive its attorney-client privilege or work-product doctrine protections in regards to the Schneider Downs Documents because R+L did not rely on the Schneider Downs Audit to sustain its claims or defenses in this lawsuit.

The only reference to the Schneider Downs Audit in R+L's pleadings are in the Clinton County Fraud Complaint, which is attached to R+L's pleadings. (Doc. 50-1 at ¶¶ 58–59, 81, 89, 92, 96–97). The Court finds that this cursory reference to the Schneider Downs Audit in an attachment to its pleadings is not sufficient to show that the Schneider Downs Audit was relied upon or placed at issue in order to sustain R+L's cause of action. While R+L has engaged Schneider Downs to provide accounting analysis in this action (Doc. 46 at 12–13), R+L's pleadings do not rely on Schneider Downs' work to sustain its claims or defenses. Additionally, because the Schneider Downs Audit does not relate to the fraud alleged by R+L in this case, ERTS does not need the Schneider Downs Documents for its defenses in this action.

Moreover, the Court finds that R+L did not rely on or place the Schneider Downs Audit at issue in its motion for leave to amend its pleadings. (Docs. 37, 43). Instead, in order to justify its motion for leave, R+L referenced the 2018 Audit, which was not

7

conducted by Schneider Downs and is not at issue in the pending motions before the Court.

Although the Schneider Downs Audit may be central to the allegations in the Clinton County Fraud Complaint, it is not central to the proceedings before this Court. The Court finds that R+L simply attaching the Clinton County Fraud Complaint does not place that Schneider Downs Audit at issue as it is not being used as a sword in this action.

Finally, pursuant to Rule 26(b)(4)(D), materials of non-testifying experts are only subject to disclosure "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D). Pursuant to Rule 26(b)(3), materials of non-testifying experts are only discoverable if a "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Schneider Downs qualifies as a non-testifying expert and its work was related to R+L's litigation with ERTS. (Doc. 9–12). R+L has agreed to produce to ERTS all documents that it provided to Schneider Downs. Because ERTS can perform its own accounting analysis on those documents, the Court does not find that "exceptional circumstances" are present to justify disclosure of the Schneider Down Documents, nor has ERTS demonstrated "substantial need" for the materials.[5]

---

[5] Because the Schneider Downs Documents are not discoverable, ERTS is not entitled to a privilege log of the materials.

Accordingly, because R+L did not implicitly waive attorney-client or work-product privilege over the Schneider Downs Documents and ERTS has not demonstrated "exceptional circumstances" or "substantial need" for the materials, the subpoena to Schneider Downs is quashed and R+L is not compelled to produce the Schneider Down Documents.

### IV. CONCLUSION

For the foregoing reasons,

1) R+L's motion to quash the subpoena to Schneider Downs (Doc. 46) is **GRANTED**.

2) ERTS's motion to compel R+L to produce documents regarding its "fraud audit" (Doc. 47) is **DENIED**.

**IT IS SO ORDERED**.

Date: 1/22/19

Timothy S. Black
United States District Judge